Kohl v Loma Negra Compañía Indus. Argentina S.A. (2021 NY Slip Op 03409)





Kohl v Loma Negra Compa¤¡a Indus. Argentina S.A.


2021 NY Slip Op 03409


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Kern, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 653114/18 Appeal No. 13980 Case No. 2020-04542 

[*1]Dan Kohl, Plaintiff-Respondent,
v
Loma Negra CompaÑÍa Industrial Argentina Sociedad AnÓnima et al., Defendants-Appellants, Loma Negra Holding GMBH, et al., Defendants.


White & Case LLP, New York (Glenn M. Kurtz of counsel), for Loma Negra CompaÑÍa Industrial Argentina Sociedad AnÓnima, appellant.
Shearman & Sterling LLP, New York (Adam S. Hakki of counsel), for Bradesco Securities Inc., Citigroup, Global Markets Inc., HSBC Securities (USA) Inc., ItaÚ BBA USA Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated and Morgan Stanley & Co. LLC, appellants.
Levi & Korsinsky, LLP, New York (Daniel Tepper of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 22, 2020, which, insofar as appealed from, denied in part the motion of defendants Loma Negra CompaÑÍa Industrial Argentina Sociedad AnÓnima, Bradesco Securities, Inc., Citigroup Global Markets Inc., HSBC Securities (USA) Inc., ItaÚ BBA USA Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, and Morgan Stanley & Co. LLC to dismiss the second amended complaint, unanimously modified, on the law, the claims dismissed insofar as based on Items 303 and 503 of SEC Regulation S-K, and narrowed as stated, and otherwise affirmed, without costs.
This action involves claims under §§ 11 and 15 of the Securities Act of 1933 (15 USC §§ 77k, 77o) arising out of alleged misleading statements and omissions in the Registration Statement and Prospectus filed by defendant Loma Negra CompaÑÍa Industrial Argentina Sociedad AnÓnima (Loma Negra) in connection with its initial public offering (IPO).
Contrary to defendants' contention, the motion court was not required to explicitly consider and follow or distinguish the dismissal order in a related federal action (Karolyi v Loma Negra Cia. Indus. Arg. Sociedad AnÓnima, 2020 WL 1989423, 2020 US Dist LEXIS 74001 [SD NY Apr. 27, 2020, 18-Civ-11323]).
Plaintiff alleged actionable omissions of material fact related to the Argentine government's investigation of its indirect parent, Camargo CorrÊa S.A. (Camargo), and affiliate, ConstruÇ es e ComÉrcio Camargo CorrÊa S.A. (CCCC).
The prospectus disclosed that CCCC was subject to ongoing government investigations for corruption, including in Argentina, which could result in fines and indemnification obligations for CCCC, for which Loma Negra could possibly (although not likely) be liable, as well as reputational damage and decreased share prices. Having disclosed the Argentine government investigation, the omission of information regarding specific steps taken in conjunction therewith, such as the May raid or June inquest, did not significantly alter the total mix of information available (see Jianming Lyu v Ruhnn Holdings Ltd., 189 AD3d 441, 441-442 [1st Dept 2020]).
However, the prospectus may have been materially misleading insofar as it suggested that there had been no wrongdoing by CCCC in Argentina. Plaintiff alleged facts indicating that Camargo and CCCC had been involved in a bribery/kickback scheme in connection with the construction of the Bicentenario water treatment plant in Argentina, yet the prospectus stated that internal investigations, aided by external experts, had "not identified evidence of any wrongdoing performed by CCCC" in that country. If it is determined that such wrongdoing did exist, then this statement would have been misleading and likely to alter the total mix of information available.
Defendants object that Loma Negra was not required to disclose information regarding distinct corporate entities, but "[e]ven when there is no existing independent [*2]duty to disclose . . . , once a company speaks on an issue or topic, there is a duty to tell the whole truth" (Meyer v JinkoSolar Holdings Co., 761 F3d 245, 250 [2d Cir 2014]). Defendants also object that the facts of the wrongdoing were not known or knowable to Loma Negra (see generally Lin v Interactive Brokers Group, Inc., 574 FSupp2d 408, 416 [SD NY 2008]), but even assuming this was the case, defendants may still be held liable insofar as the statements in the prospectus gave the impression (whether or not true) that Loma Negra had such inside knowledge.
Plaintiffs also alleged actionable materially misleading statements related to the demand for cement in Argentina. The prospectus cited the "compelling opportunity" created by Argentina's "positive macroeconomic outlook and the announced infrastructure investment plans" and Loma Negra's "participat[ion] in most of the major construction and infrastructure public projects" in the region; disclosed the risk of a future slowdown in Argentinean public works spending; and cautioned against reliance on forward-looking statements.
These warnings were insufficient if, as plaintiff alleged, Argentine public works spending had already slowed and contractors were already not being paid (see generally Meyer, 761 F3d at 251; Rombach v Chang, 355 F3d 164, 173 [2d Cir 2004]). Plaintiff alleged facts sufficient to raise an inference that the stopped payments were known or knowable by Loma Negra, including that they were the subject of public news reporting and that Loma Negra had a huge stake in the Argentinean cement industry, the success of which was linked to the success of the construction industry. Plaintiff also alleged facts sufficient to raise an inference that the stopped payments were material, including that industry representatives had been sufficiently concerned about them to demand a meeting with the Ministry of the Interior.
However, contrary to plaintiff's claim, the prospectus did disclose the fact that the Argentine government was investigating CCCC for corruption and that this could cause reputational damage to Loma Negra. It did not need to detail all the specific ways in which that reputational damage might cause harm because "when defendants warn investors of a potential risk, they need not predict the precise manner in which the risks will manifest" (see Matter of AES Corp. Sec. Litig., 825 F Supp 578, 588 [SD NY 1993]). Although the prospectus did not disclose that there was widespread corruption in the Argentine construction industry, no such disclosure was necessary because this underlying "fact" was unsupported, vague, and irrelevant to Loma Negra's projections regarding cement demand (see Plumbers' Union Local No. 12 Pension Fund v Nomura Asset Acceptance Corp., 658 F Supp 2d 299, 307 [D Mass 2009], affd in relevant part by 632 F3d 762, 774 [1st Cir 2011]).
To the extent plaintiff's claims are based on alleged violations of Items 303 and 503 of SEC Regulation S-K (17 [*3]CFR 229.303[b][2][ii], 229.503[c]), those claims should be dismissed.[FN1] As explained above, the prospectus sufficiently disclosed the Argentine government's ongoing corruption investigation and attendant risks. Although it did not disclose the Argentine government's failure to make timely payments to contractors, plaintiff failed to plead facts from which one could reasonably infer that defendants had actual knowledge of this fact, as required under Items 303 and 503 (see Kirkland v Wideopenwest, Inc., 2020 NY Slip Op 31529[U], *12-13 [Sup Ct, NY County 2020]; Matter of HEXO Corp. Sec. Litig., 2021 US Dist LEXIS 43851, *29, 2021 WL 878589, *10 [SD NY Mar. 8, 2021]; Rubinstein v Credit Suisse Group AG, 457 F Supp 3d 289, 300-301 [SD NY 2020]; Panther Partners, Inc. v Ikanos Communs., Inc., 538 F Supp 2d 662, 669-670 [SD NY 2008], affd 347 Fed Appx 617 [2d Cir 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021



Footnotes

Footnote 1: The version of Item 503 in effect when the Registration Statement was filed (in 2017) required disclosure of "the most significant risk factors that make the offering speculative or risky" (17 CFR 229.503[c]). This rule has since been relocated to Item 105 (17 CFR 229.105) and modified to require discussion of all "material factors that make an investment . . . speculative or risky."